IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No. 3:22-CR-117-TAV-JEM<br>KHADIJAH ADAMS, )<br>)<br>Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Khadijah Adams's Motion to Continue Trial [Doc. 28], filed on September 29, 2023.

In her motion, Defendant Adams asks the Court to continue the trial date, which is set for October 31, 2023, and to extend the plea deadline. Defendant states that the Government provided a plea agreement on September 25, 2023 while defense counsel was out of town. Defense counsel needs additional time to advise Defendant regarding the impact of the plea agreement. Defendant states that more time is also required because Defendant lives in New Jersey and her defense counsel is in Knoxville. Defense counsel has spoken with Defendant about her speedy trial rights, and Defendant understands that the period of time between the filing of the motion and a rescheduled trial date would be fully excludable for speedy trial purposes. Defendant also states in her motion that the Government does not oppose a continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations with the Government and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the October 31, 2023 trial date.

The Court therefore **GRANTS** Defendant Khadijah Adams's Motion to Continue Trial **[Doc. 28]**. The trial of this case is reset to **January 16, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 29, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Adams's Motion to Continue Trial **[Doc. 28]** is **GRANTED;**

(2) the trial of this matter is reset to commence on **January 16, 2024, at 9:00 a.m.**, before the Honorable Thomas A Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 29, 2023**, and the new trial date of **January 16, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 15, 2023**;

(5) the deadline for filing motions *in limine* is **January 3, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 4, 2024, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 8, 2024.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge